### People of the State of Illinois, Appellee, v. Illinois Central Railroad Company, Appellant.

RAILROADS—*when recovery of penalty for failure to repair crossing not sustained.* It appearing from the special findings of the court that the railroad company had performed its obligations with respect to the crossing in question as to which the notice served upon it pursuant to statute applied, a judgment against it for the statutory penalty should be reversed.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed February 11, 1910.

KRAMER, KRAMER & CAMPBELL and C. H. G. HEINFELDEN, for appellant; JOHN G. DRENNAN, of counsel.

WISE & KEEFE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This suit was instituted before a justice of the peace, in the name of the People, to recover the penalty of $100 provided for by section 11 of the Act in relation to fencing and operating railroads (Rev. Stat., chap. 114, par. 74, Hurd 1908), and grows out of the follow-

ing state of facts and circumstances shown by the record:

Appellant, as part of its railroad system, controls and uses two tracks for running its trains between East St. Louis and Belleville. These tracks at the place hereinafter named, as being the subject of controversy, run nearly in an easterly and westerly direction. The southerly track is known as the south bound track and the one to the north, as the north bound track. About 300 yards east of Church station, some six miles from East St. Louis, a highway running northwest and southeast, crosses the two tracks at a sharp angle. The two railroad tracks, while they commence to diverge somewhat at that point are about 140 feet apart, but the distance between the two tracks on the highway, by reason of the manner in which it angles across them, is 385 feet. Appellant's right of way extends 50 feet on each side of each track. Just south of the southbound track, and running almost parallel with it at that place, is a natural watercourse, known as Brulette creek, which is spanned by a highway bridge. The bridge is on appellant's right of way and the shortest distance from it to the south rail of the south bound track, measured at right angles to the track, is 24 feet.

On June 3, 1908, the commissioners of highways of the town of Centerville station, in which said bridge and a portion of said tracks and said highway above mentioned are located, caused a written notice signed by them and directed to appellant, to be delivered to the section foreman at Centerville station near the place in question, notifying appellant that the bridge was out of repair, unsafe and dangerous and directing appellant to put in new piling at the ends of the bridge, and to so repair the same as to make it safe for persons and property, and also containing the following: ''You are hereby notified that a portion of the space between your two railroad tracks on said highway at said crossing, on your right of way,

has washed out by rains, so that the said crossing at that point is out of repair, and you are hereby notified to fill in said space between said tracks, which is so washed out at said crossing, with earth or other material so that said crossing will be in condition for travel over the same in safety.''

The notice having been disregarded, the commissioners afterwards caused this suit to be brought and when it reached the City Court of East St. Louis, a jury was waived and a trial had before the court.

Appellant submitted to the court three propositions of law, which were marked ''held'' by the court. In the first the court held that the bridge across Brulette creek mentioned in the notice was, in the absence of the railroad crossing and the approaches thereto, a necessary bridge for travel on the highway, and was not rendered necessary by the construction and maintenance of the railroad company's tracks and road-bed. In the second, that the railroad crossing in this case was safe as to persons and property. In the third, that the supports at the end of the bridge were strong enough so as to be safe to persons and property using the bridge. The court also held in favor of appellant in accordance with certain propositions of law submitted by it, that (1) where a bridge is necessary for travel along a highway which is not made necessary by the construction and maintenance of a railroad crossing or its approaches, the railroad company is not liable to maintain such bridge, even though it be partly within the approaches of such crossing; that (2) ''railroad crossing'' means that portion comprising the track road-bed; that (3) approaches to a railroad crossing mean that portion extending from the track on each side thereof back as far as may be necessary, so that at all times the crossing may be safe, and (4) that the notice given had no application to defective stringers in said bridge.

But the court refused to hold as the law certain other propositions submitted by appellant, which re-

lated to the sufficiency of the notice and its service upon appellant.

In deciding the case the court of its own motion made a finding which omitted all reference to the bridge, no doubt assuming that the special finding of fact in favor of appellant, eliminated that cause of complaint mentioned in the notice, but found the defendant guilty of "not repairing the space between the two railroad tracks" and entered a judgment against appellant upon that finding for $100 and costs.

The railroad company appealed, assigning a number of errors necessary to raise such questions as desired, but no cross errors were assigned by appellee.

Section 8 of the statute above referred to, and which is one of the sections relating to the subject-matter of this suit provides: "Hereafter at all of the railroad crossings of highways and streets in this state the several railroad corporations in this state shall construct and maintain said crossings and the approaches thereto, within their respective rights of way, so that at all times they shall be safe as to persons and property."

The notice to appellant was that the portion of space between the two railroad tracks on said highway "at said crossing" on the right of way had washed out; that "the said crossing" at that point was out of repair and the work required of appellant thereby was to fill said space between said tracks, which was so washed out "at said crossing," so that "said crossing" would be in condition for travel over the same in safety. No mention is made in the notice of approaches to the crossing. The court held "that the railroad crossing in this case, was safe as to persons and property." That finding of the court fully covered all the requirements of the statute and the notice, and having thus found in favor of appellant, upon the issues involved, nothing remained upon which a judgment against it for the penalty could be based.

The judgment of the court below will be reversed but, as under the findings of the court below as to the facts in the case, no judgment could properly be entered against appellant for the statutory penalty, the cause will not be remanded.

*Reversed.*